IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GIBSON,<br><br>    Plaintiff,<br><br>  v.<br><br>THE STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 1:11-cv-00246 JLT (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED WITHOUT PREJUDICE DUE TO PLAINTIFF'S FAILURE TO EXHAUST HIS ADMINISTRATIVE REMEDIES<br><br>(Doc. 1)<br><br>ORDER DIRECTING CLERK OF THE COURT TO ASSIGN A DISTRICT JUDGE TO THIS MATTER |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to the Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302. Pending before the Court is Plaintiff's complaint filed February 14, 2011. (Doc. 1)

**I.    Plaintiff has failed to exhaust his administrative remedies under the PLRA**

Plaintiff alleges that he applied to receive "ADA status" at his prison but that this request was denied. (Doc. 1 at 2) Plaintiff alleges that he filed a grievance related to the denial and appealed it though the Third Level. Id. Plaintiff admits, however, that his appeal was cancelled at the Third Level because he failed to present it in a timely fashion. Id.

///

## II. Discussion

The Prison Litigation Reform Act requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is a prerequisite to the inmate filing a lawsuit. See Porter v. Nussle, 534 U.S. 516, 524 (2002); Booth v. Churner, 532 U.S. 731, 739 (2001). The PLRA requires the inmate to exhaust every level in the administrative process. See McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002). If the Court concludes that the prisoner has failed to exhaust his administrative remedies, the proper remedy is dismissal without prejudice. Wyatt v. Terhune, 315 F.3d 1108, 1119-1120 (9th Cir. 2003).

The goals of the PLRA's exhaustion requirement are to: (1) "eliminate unwarranted federal court interference with the administration of prisons;" (2) "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case;" and, (3) "reduce the quantity and improve the quality of prisoner suits." Woodford v. Ngo, 548 U.S. 81, 84-85 (2006). Therefore, "the PLRA exhaustion requirement requires full and proper exhaustion." Id. at 92-94.

The grievance and appeal procedure for inmates in the custody of the California Department of Corrections and Rehabilitation, is a four-step process. Vaden v. Summerhill, 449 F.3d 1047, 1048-1049 (9th Cir. 2006); Cal. Code Regs. tit. 15, §§ 3084.1-3084.6. Generally, the inmate is required to file an informal inmate appeal within 15 days of the incident. Brown v. Valoff, 422 F.3d 926, 929-930 (9th Cir. Cal. 2005). If denied at this First Level, the inmate can appeal to the Second Level which, generally, is to the warden or the warden's designee. Id. The final level of review, the Director's level, is conducted by the CDCR's Director or designee. Id.

An appeal can be "cancelled" in several circumstances including where it is not timely presented. Cal. Code Regs., tit 15, § 3084.6(c)(4) (2011). Plaintiff admits that he did not present his Director's Level appeal in a timely fashion and, as a result, his appeal was cancelled.[1] (Doc. 1 at 2) Apparently, he

---

[1] Notably, a cancellation of a Third Level appeal "if a determination is made that cancellation was made in error or new information is received which makes the appeal eligible for further review." Cal. Code Regs., tit 15, § 3084.6(a)(3) (2011). However, it does not appear that Plaintiff sought to reverse the cancellation decision.

2

was intending to present new or different evidence of his claimed disability in this Third Level appeal and was attempting to gather this information while his time for appeal expired.[2] Id. Given this, the Court finds that Plaintiff has not exhausted his administrative remedies and under the PLRA, the matter must be dismissed. Therefore, the Court must recommend that the matter be **DISMISSED WITHOUT PREJUDICE.**

**ORDER**

GOOD CAUSE being established therefor, the Court **HEREBY ORDERS** as follows:

1. The Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**CONCLUSION**

Accordingly, it is **HEREBY RECOMMENDED** that:

1. This action be **DISMISSED WITHOUT PREJUDICE** as barred by the PLRA; and

2. The Clerk of the Court be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 21 days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review these findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(c). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 14, 2011**                                             /s/ Jennifer L. Thurston
                                                                                    UNITED STATES MAGISTRATE JUDGE

---

[2] It is unclear why Plaintiff would have been entitled to present additional evidence at the Third Level appeal that was not presented before that time.

3